UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL T. NUCKLES, | ) |
| plaintiff | ) |
| v. | ) CAUSE NO. 3:04-CV-757 RM |
| WILLIAM HARTLEY, *et al.*, | ) |
| defendants | ) |

OPINION AND ORDER

Michael Nuckles submitted a complaint under 42 U.S.C. § 1983, alleging that Indiana Department of Correction ("IDOC")officials failed to protect him from being assaulted by another inmate while he was housed at the Miami Correctional Facility ("MCF"). This case is before the court on the plaintiff's amended complaint. In its February 22, 2005 screening order, the court dismissed several defendants and allowed Mr. Nuckles to proceed against IDOC Internal Affairs Investigator Willard Plank and MCF officials William Hartley and Peg Synowie.

Defendants Hartley and Plank have moved for summary judgment pursuant to FED R. CIV. P. 56; Mr. Nuckles has responded. For the reasons that follow, the court grants the moving defendants' summary judgment motion.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. Hughes v. Joliet Correctional Ctr., 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions,

>answers to interrogatories, and admissions on file. Celotex Corp., 477 U.S. at 324.
>
>. . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Ranochakio Corp., 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

In his amended complaint, Mr. Nuckles alleges that IDOC officials transferred him from the Indiana State Prison to the MCF, even though the officials responsible for the transfer knew that Paul Sparks, a prisoner he had serious problems with in the past was at the MCF. Mr. Nuckles unsuccessfully attempted to be placed on protective custody at the MCF. He states that he told some MCF officials that he was in danger from Paul Sparks and his friends, but they took no action to protect him. Jeffrey Snyder, who Mr. Nuckles alleges was a friend of Paul Sparks, then attacked him and put out one of his eyes.

The moving defendants don't contest that Snyder attacked and injured Mr. Nuckles. They assert they were not responsible for moving Mr. Nuckles to the MCF and had no personal knowledge that he was in danger of being attacked at the MCF.

Prison officials "have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994), *quoting* Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)."For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious

harm." Farmer v. Brennan, 511 U.S. at 834. Deliberate indifference in such circumstances is defined as "criminal recklessness," Farmer v. Brennan, 511 U.S. at 839-840.

Deliberate indifference is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992), *citing* McGill v. Duckworth, 944 F.2d at 347. The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." Farmer v. Brennan, 511 U.S. at 836. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1986).

Mr. Hartley submitted a declaration in which he states that he didn't participate in the decision to transfer Mr. Nuckles to the MCF. Mr. Hartley also declares that he didn't arrange for Mr. Nuckles to be celled with Jeffrey Snyder, that he wasn't aware that Mr. Nuckles was celled with Snyder, and that he wasn't aware that Snyder posed any particular danger to Mr. Nuckles.

Mr. Nuckles alleges that he sent a letter to Mr. Plank, asking not to be transferred from the prison to the MCF. Mr. Plank submitted a declaration in which he says that if Mr. Nuckles sent a letter to his office he was not aware of it, that he never saw a copy of such a letter, and that he cannot find a copy of such a letter in his files. Mr. Plank also states that he did not participate in the decision to transfer Mr. Nuckles to the MCF, that he was not aware Mr. Nuckles was

transferred to the MCF, that he was not aware that Mr. Nuckles and Snyder were assigned to the same cell, that he was not aware that Snyder had any relationship with Sparks, and he was not aware that Snyder posed any particular danger to Mr. Nuckles.

In considering whether any genuine issues of material fact exist, a court must view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. The nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. at 586. Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. McGinn v. Burlington Northern R.R. Co., 102 F.3d at 298.

Mr. Nuckles's declaration in response to the moving defendants' motion for summary judgment does not contain admissible evidence contesting the moving defendants' sworn statements. In his declaration, Mr. Nuckles asserts in his declaration that the court should not rule on the moving defendants' summary judgment motion until they have responded to his discovery requests and requests for admissions. The moving defendants have now responded to Mr. Nuckles's requests, but their responses do not assist him, and they create no disputed issue of material fact precluding summary judgment.

The admissible evidence before the court establishes that the moving defendants did not participate in the decision to transfer Mr. Nuckles to the MCF, did not arrange for Mr. Nuckles to be celled with Jeffrey Snyder, were not aware that Mr. Nuckles was celled with Synder, and were not aware that Snyder posed

4

any particular danger to Mr. Nuckles. The evidence before the court establishes that the moving defendants were not "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" <u>Farmer v. Brennan</u>, 511 U.S. at 836. Accordingly, these defendants did not have "actual knowledge of impending harm easily preventable," <u>Duckworth v. Franzen</u>, 780 F.2d at 653, and cannot be said to have been deliberately indifferent to his safety.

For the foregoing reasons, the court GRANTS defendant William Hartley and Willard Plank's summary judgment motion (docket #51). This case remains before the court on the claims against defendant Synowie.

SO ORDERED.

ENTERED: February 13, 2006

                                         /s/ Robert L. Miller, Jr.
                                         Chief Judge
                                         United States District Court