UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL T. NUCKLES, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>WILLIAM HARTLEY, *et al.,* )<br>)<br>Defendants ) | CAUSE NO. 3:04-CV-757 RM |

OPINION AND ORDER

Michael Nuckles, a prisoner confined at the Indiana State Prison, submitted a complaint under 42 U.S.C. § 1983 alleging that Indiana Department of Correction ("IDOC") officials violated his federally protected rights by refusing to protect him from being attacked by another inmate. The court screened the complaint pursuant to 28 U.S.C. § 1915A, dismissed several defendants, and allowed Mr. Nuckles to proceed against IDOC Internal Affairs Investigator Willard Plank and Miami Correctional Facility ("MCF") officials William Hartley and Peg Synowie. Mr. Nuckles amended his complaint once, and the court has granted summary judgment to defendants Plank and Hartley. This matter is before the court on Mr. Nuckles's request for leave to file a second amended complaint.

"Leave to amend is to be 'freely given when justice so requires.'" Liu v. T&H Machine, 191 F.3d 790, 794 (7th Cir. 1999) *quoting* Fed. R. Civ. P. 15(a). "Leave to amend need not be given if there is an apparent reason not to do so, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of

amendment." Liu v. T&H, 191 F.3d at 794 (quotation marks and citations omitted).

In his second amended complaint, Mr. Nuckles names Dawn Buss, John Cosich, Heather Hammond, William Hartley, Willard Plank, and Margaret Synowiec as defendants. The court has already given Mr. Nuckles leave to proceed against Margaret Synowiec, and has granted summary judgment to William Hartley and Willard.

Mr. Nuckles brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Nuckles alleges that he was transferred from the Indiana State Prison to the MCF, even though the officials responsible for the transfer knew that Paul Sparks, a prisoner he had serious problems with in the past, was at the MCF. Mr. Nuckles unsuccessfully attempted to be placed on protective custody at the MCF. He also told some MCF officials that he was in danger from Paul Sparks and his friends, but the officials took no action to protect him. A friend of Paul Sparks then attacked Mr. Nuckles and put out one of his eyes.

Prison officials "have a duty . . . to protect prisoners from violence at the

hands of other prisoners." Farmer v. Brennan, 511 U.S. at 833, *quoting* Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)."For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. at 834. Deliberate indifference in such circumstances is defined as "criminal recklessness," Farmer v. Brennan, 511 U.S. at 839-840.

Deliberate indifference is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992), *citing* McGill v. Duckworth, 944 F.2d at 347. The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." Farmer v. Brennan, 511 U.S. at 836. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1986).

The court has already determined that William Hartley and Willard Plank were not deliberately indifferent to Mr. Nuckles's safety, so it will not permit him to amend his complaint to bring those defendants back in to this case. But giving him the benefit of the inferences to which he is entitled at the screening stage, the court cannot say, under the standards set forth in Farmer v. Brennan, that Mr. Nuckles can prove no set of set of facts against defendants Peg Synowie, Dawn Buss, John Cosich, and Heather Hammond.

3

For the foregoing reasons, the court:

(1) GRANTS the plaintiff's motion for leave to file an amended complaint (docket #58), and DIRECTS the clerk to file the second amended complaint;

(2) GRANTS the plaintiff leave to proceed against defendants Synowiec, Buss, Cosich, and Hammond for damages in their individual capacities;

(3) Pursuant to 28 U.S.C. § 1915A(b)(1) DISMISSES defendants William Hartley and Willard Plank;

(4) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that defendants Synowiec, Buss, Cosich, and Hammond respond to the second amended complaint as provided for in the Federal Rules of Civil Procedure; and

(5) DIRECTS the marshals service to effect service of process on defendants Dawn Buss, John Cosich, and Heather Hammond, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and second amended complaint.

SO ORDERED.

ENTERED: February 14 , 2006

　　　　　　　　　　　　　　　　  /s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　United States District Court