UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL T. NUCKLES, | ) |
| Plaintiff | ) |
| v. | ) CAUSE NO. 3:04-CV-757 RM |
| WILLIAM HARTLEY, *et al.*, | ) |
| Defendants | ) |

OPINION AND ORDER

Michael Nuckles, a prisoner confined at the Indiana State Prison ("ISP") submitted the complaint in this case under 42 U.S.C. § 1983, asserting violation of his federally protected rights while he was confined at the Miami Correctional Facility ("MCF"). This case is before the court on Mr. Nuckles's second amended complaint. The defendants are ISP officials Dawn Buss and John Cosich, and MCF officials Heather Hammond and Peg Synowie.

Defendants Buss and Cosich have filed a motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c). Once the pleadings are closed, a party may file a motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c). Judgment on the pleadings may be granted if the pleadings show that there are no disputed issues of material fact and that the moving party is entitled to judgment as a matter of law.

Mr. Nuckles alleges that he was in protective custody at the Indiana State Prison and that ISP Superintendent Dawn Buss ordered that he be transferred to the Miami Correctional Facility. He asserts that in the past he had problems with inmate Paul Sparks, who he believed was at the MCF. He found that he was not

listed as a separatee of Paul Sparks; separatees are not to be confined at the same facility. Mr. Nuckles alleges that he asked Case Manager Cosich for a separatee form, but he "said he did not have any," so Mr. Nuckles obtained a form from another source. (Second Amended Complaint at p. 4). He also wrote two letters to Supt. Buss, though neither asserted that he would be in danger of being attacked by another inmate if he was transferred to the MCF.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991).

"Prison officials have a duty to take reasonable steps to ensure the safety of inmates, including harm done by one inmate to another." Pope v. Shafer, 86 F.3d 90, 91 (7th Cir. 1996). Deliberate indifference "requires that that the official 'knows of and disregards an excessive risk to inmate health or safety[.]' 'The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.'" Pope v. Shafer, 86 F.3d at 92 (citations omitted). "There is no liability under the Cruel and Unusual Punishments Clause if a prison official has responded reasonably to a risk of harm." Doe v. Welborn, 110 F.3d 520, 524 (7th Cir. 1997).

Even giving Mr. Nuckles the benefit of the inferences to which he is entitled at the pleadings stage, the facts set forth in the second amended complaint don't suggest that Mr. Cosich was deliberately indifferent to Mr. Nuckles's security

2

needs. Mr. Nuckles doesn't allege that Mr. Cosich was responsible for transferring him from the ISP to the MCF. The only claim against Mr. Cosich is that he did not provide Mr. Nuckles with a separatee form on request. But although Mr. Cosich didn't have a separatee form with him when Mr. Nuckles spoke with him, Mr. Nuckles was later able to obtain such a form from another source.

To prevail against Supt. Buss, Mr. Nuckles must show that she was aware of facts that put her on notice that transferring him to the MCF would expose him to a substantial rusk of serious harm, and that he was actually harmed. A fair reading of the second amended complaint and its attachments establish that Sparks was an enemy of Mr. Nuckles and could pose a threat to him, that Sparks was at the MCF, and that Supt. Buss sent Mr. Nuckles to the MCF. Several months later, an inmate that Mr. Nuckles identifies as one of Sparks's friends attacked Mr. Nuckles.

But the second amended complaint and its attachments also establish that Mr. Nuckles and Sparks weren't listed as "separatees" when Supt. Buss authorized Mr. Nuckles's transfer to the MCF. The term "separatee" means a prisoner has requested to be kept away from another inmate who he believes poses a threat to him, or that a staff member has placed documentation in two inmates' files that they be kept separate because one of them poses a threat to the other or they pose a threat to each other.[1] Although Mr. Nuckles wrote to Supt. Buss before he was transferred, a review of the letters, which are attached to the complaint, establish that he didn't state in these letters that Sparks posed a

---

[1] When he learned he was to be transferred, Mr. Nuckles apparently initiated the separatee process, but it was not completed before he was transferred.

threat to him or that transferring him to the MCF would place him in danger of being attacked. Accordingly, the record before Supt. Buss would not have put her on notice that transferring Mr. Nuckles to the MCF would expose him to a substantial risk of serious harm.

For the foregoing reasons, the court GRANTS defendants Buss and Cosichs' motion for judgment on the pleadings [docket #96), and DISMISSES defendants Buss and Cosich.

SO ORDERED.

ENTERED: August  9 , 2006

                              /s/ Robert L. Miller, Jr.
                              Chief Judge
                              United States District Court