UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL T. NUCKLES, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CAUSE NO.  3:04-CV-757 RM |
| ) | |
| WILLIAM HARTLEY, *et al.*, ) | |
| ) | |
| Defendants ) | |

<u>OPINION AND ORDER</u>

Plaintiff Michael Nuckles submitted his original complaint to the court on December 9, 2004, alleging that on April 29, 2004, an inmate attacked him at the Miami Correctional Facility. He asserted that several Indiana Department of Correction officials were deliberately indifferent to his safety. The court screened the complaint pursuant to § 1915A, dismissed some defendants, and allowed him to proceed against other defendants. On August 4, 2005, the court granted Mr. Nuckles leave to file an amended complaint, and on February 14, 2006, the court granted him leave to file a second amended complaint. Mr. Nuckles has now filed a request for leave to amend his second amended complaint to add Counselor S. Robinson, Casework Manager Kevin Linehan, and Unit Team Manager Haley Lawson as defendants.

The clerk of this court received Mr. Nuckles's motion to amend his second amended complaint on December 5, 2006. The "mailbox" rule established in <u>Houston v. Lack</u>, 487 U.S. 266 (1988), provides that prisoners' submissions are to be deemed as "filed" on the date they deliver them to prison authorities for forwarding to the court. This court normally accepts the date a prisoner signs his submission as the date he delivered it to

prison officials for mailing. Because Mr. Nuckles signed his most recent motion for leave to amend on November 21, 2006, for the purposes of this memorandum, the court considers it to have been filed on November 21, 2006.

Because there is no federal statute of limitations for actions filed pursuant to § 1983, courts apply the most appropriate state statute of limitations. Bell v. City of Milwaukee, 746 F.2d 1205, 1229 (7th Cir. 1984); Johnson v. City of Fort Lauderdale, 903 F.Supp. 1520 (S.D.Fla. 1995), *affirmed* 114 F.3d 1089 (11th Cir. 1997). Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. Wilson v. Garcia, 471 U.S. 261 (1985). "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues. I.C. 34-11-2-4 (formerly Ind. Code § 34-1-2-2(1))." Doe v. Howe Military School, 227 F.3d 981, 987 (7th Cir. 2001); *see also* Snoderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 894 (7th Cir. 2001) (2-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983"). The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993).

Mr. Nuckles was attacked on April 29, 2004. Because he filed his most recent motion for leave to amend on November 21, 2006, it is beyond the statute of limitations. A plaintiff may not amend his complaint to add claims against new defendants after the statute of limitations has run unless the claims against them relate back to his earlier complaints. The relation back of amended complaints is governed by Rule 15(c) of the Federal Rules of Civil Procedure, which states that an amendment of a pleading relates back to the date of the

2

original pleading when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of a party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) know or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Rule 15(c) was amended in 1991 to provide that relation back is permitted not only if the claim or defense in the amended pleading arises out of the same conduct transaction or occurrence as the original pleading, but also if the law that supplies the statute of limitations would authorize relation back. Indiana law provides that after the limitations period has run, a plaintiff may add new defendants only by showing that the amendment relates back to the original complaint. Moore v. State of Indiana, 999 F.2d 1125, 1130 (7th Cir. 1993), *citing* Hupp v. Hill, 576 N.E.2d 1320, 1327 (Ind. App. 1991), so analysis of this amended complaint must be based on a straightforward application of Rule 15(c)(2) and (3).

Rule 15(c)(3) permits "an amendment to relate back to the original complaint only where 'there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake.'" King v. One Unknown Federal Correctional Officer, 201 F3d 910, 914 (7th Cir. 2000), quoting

3

Worthington v. Wilson, 8 F3d 1253, 1256 (7th Cir. 1993). The rule "does not provide for relation back under circumstances, such as here, in which the plaintiff fails to identify the proper party." *Id.* at p. 914.

In Delgado-Burnett v. Clark, 93 F.2d 339 (7th Cir. 1996), a prisoner sought to file an amended complaint beyond the statute of limitations naming as new parties two prison officials in an case filed under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971), analogous to §1983 for these purposes. The court held that the amended complaint did not relate back to the filing of the original complaint, and so was barred by the statute of limitations.

In Moore v. Indiana, 999 F.2d 1125 (7th Cir. 1993), the plaintiff did not request leave to amend his complaint to add defendants until after the statute of limitations had expired. The court held that where the defendants added by the amended complaint were not on notice of the claim against them, the amended complaint does not relate back to the original complaint. *Id.* at 1130.

Rule 15(c) "permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake. It does not permit relation back where, as here, there is a lack of knowledge of the proper party." Delgado-Burnett v. Clark, 93 F.2d at 344. A person not named or served in the original complaint may not be added in an amended complaint file after the statute of limitations has run. Wood v. Worachek, 618 F.2d 1225 (7th Cir. 1980).

Mr. Nuckles may have initially made an error concerning the identity of the proper parties, but S. Robinson, Kevin Linehan, and Haley Lawson are not chargeable with knowledge of the mistake. Because they did not have any notice of this action before the statute of limitations ran, pursuant to Rule 15(c)(3), they may not now be added as defendants

For the foregoing reasons, the court DENIES the plaintiff's request for leave to amend his second amended complaint to add Counselor S. Robinson, Kevin Linehan, and Haley Lawson as defendants (docket # 128).

SO ORDERED.

ENTERED: February  14 , 2007

 /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court