UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHAEL T. NUCKLES, | ) | |
| | ) | |
| plaintiff | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:04-CV-757 RM |
| | ) | |
| WILLIAM HARTLEY, *et al.*, | ) | |
| | ) | |
| defendants | ) | |

## OPINION AND ORDER

Michael Nuckles submitted a complaint under 42 U.S.C. § 1983, alleging that Indiana Department of Correction officials failed to protect him from being assaulted by another inmate while he was housed at the Miami Correctional Facility ("MCF"). This case is before the court on his second amended complaint. The court has dismissed all defendants except Nurse Margaret Synowiec and Counselor Heather Hammond. Defendants Synowiec and Hammond have moved for summary judgment pursuant to FED R. CIV. P. 56, and Mr. Nuckles has responded. For the reasons that follow, the court grants defendants Synowiec and Hammond's summary judgment motions.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. Hughes v. Joliet Correctional Ctr., 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. Celotex Corp., 477 U.S. at 324.
> . . . In considering whether any genuine issues of material fact exist,

>we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Ranochakio Corp., 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

In his second amended complaint, Mr. Nuckles alleges that he notified officials at the MCF, including defendants Synowiec and Hammond, that he was having a problem with his cellmate, Jeffrey Snyder, and wanted them to resolve the problem. He asserts that they took no action to protect him, and that Synder attacked Mr. Nuckles, severely injured him, and put out one of his eyes.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991).

Prison officials "have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994), *quoting* Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)."For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. at 834. Deliberate indifference in such circumstances is defined as "criminal recklessness," Farmer v. Brennan, 511 U.S. at 839-840.

Deliberate indifference is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992), *citing* McGill v. Duckworth, 944 F.2d at 347. The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." Farmer v. Brennan, 511 U.S. at 836. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1986).

Mr. Nuckles alleges that he told Nurse Synowiec that he was in danger from his cellmate. Nurse Synowiec submits a declaration in which she states that as a member of the medical staff, she has no role in determining prisoners' cell assignments. She states that, to the best of her recollection, Mr. Nuckles told her on April 20, 2004, that he feared for his safety because a dangerous inmate had been moved onto his unit. Nurse Synowiec states that she told Mr. Nuckles that she would notify his unit team counselor of his concerns, and that later that day she phoned Mr. Nuckles's counselor and "reported the Offender's safety concerns." (Synowiec declaration ¶ 6). Mr. Nuckles responds with a declaration that does not dispute the facts stated in Nurse Synowiec's declaration, but notes that her call to the counselor placed that official on notice of his problems.

Mr. Nuckles alleges that he "wrote to Defendant Heather Hammond on or about April 27, 2004, asking to be moved due to plaintiff being in fear for his safety" because of his cellmate's aberrant behavior. (Second Amended Complaint at p. 6). He asserts that he wasn't called in to see the counselor before he was attacked and injured on April 29, 2004.

3

Counselor Hammond submits a declaration in which she states that she didn't start working for the Indiana Department of Correction until July 5, 2004. Mr. Nuckles's declaration does not dispute the facts Counselor Hammond presents in her declaration.

The evidence before the court establishes that defendants Synowiec and Hammond did not participate in the decision to place Mr. Nuckles and Jeffrey Snyder in the same cell. Nurse Synowiec did not have the authority to move Mr. Nuckles or his roommate, and Counselor Hammond wasn't even employed at the MCF when this incident occurred, and could have had no personal involvement in this incident.

Mr. Nuckles does not dispute Nurse Synowiec's statement that she passed Mr. Nuckles's concerns on to an official who could investigate his claims and take action. Because she couldn't move Mr. Nuckles or his cellmate, passing his concerns on to the appropriate officials was all that she could do for him. Nurse Synowiec's actions do not suggest that she was unconcerned for Mr. Nuckles's welfare, and establish that she was not deliberately indifferent to his safety.

For the foregoing reasons, the court GRANTS defendant Peg Synowie's motion for summary judgment motion (docket #113), GRANTS defendant Heather Hammnd's motion for summary judgment (docket #124), and DIRECTS the clerk to enter judgment against the plaintiff and in favor of the defendants.

SO ORDERED.

ENTERED: February 15, 2007

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court